REISSUED FOR PUBLICATION
DEC 23 2020
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
Filed: November 24, 2020

* * * * * * * * * * * * * * *
NICOLE ABRAMS-KELLY, * UNPUBLISHED
*
Petitioner, * No. 19-1760V
*
v. * Special Master Nora Beth Dorsey
*
SECRETARY OF HEALTH * Dismissal Decision; Failure to Prosecute;
AND HUMAN SERVICES, * Insufficient Proof.
*
Respondent. *
*
* * * * * * * * * * * * * * *

Nicole Abrams-Kelly, pro se, Willingboro, NJ, for petitioner.
Kimberly S. Davey, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION**[1]

## I. INTRODUCTION

On November 15, 2019, Nicole Abrams-Kelly ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] Petitioner alleged that she suffered from hearing loss as a result of an influenza ("flu") vaccination allegedly administered on December 10, 2018. Petition at 1-2 (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

Based on all the reasons set forth below and in the Show Cause Order dated September 10, 2020, and for failure to comply with the Show Cause Order, the undersigned dismisses this case for failure to prosecute and insufficient proof.

## II. PROCEDURAL HISTORY AND FACTUAL SUMMARY

Petitioner filed her claim on November 15, 2019, alleging she suffered hearing loss as a result of a flu vaccination administered to her on December 10, 2018. Petition at 1-2. Attached to petitioner's petition was a record showing petitioner was prescribed Phenergan on December 27, 2017, a letter from Carolinas HealthCare System stating petitioner presented for an annual wellness exam on September 23, 2016, a confirmation letter of a complaint petitioner filed with the New Jersey Office of the Attorney General on June 19, 2019, and a list of medications petitioner was prescribed on November 4, 2019. See generally Petition.

On November 15, 2019, the case was reassigned to the undersigned. Notice of Reassignment dated Nov. 15, 2019 (ECF No. 7). On December 16, 2019, petitioner filed a motion for leave to proceed in forma pauperis. Petitioner's Motion for Leave to Proceed in forma pauperis ("Pet. Mot."), filed Dec. 16, 2019 (ECF No. 10). Petitioner's motion was granted on January 2, 2020. Order Granting Pet. Mot. dated Jan. 2, 2020 (ECF No. 11).

On January 30, 2020, petitioner filed various documents and medical records.[3] ECF No. 14. These documents included a Records Request form from the New Jersey Judiciary, an e-mail with the recipient crossed out, a photocopy of an Order from the Court of Federal Claims directing respondent to appear, a photocopy from the Court of Federal Claims stating this case is a Non-ECF case, a Willingboro municipal court order listing Mary Abrams as the defendant, and the municipal court of Willingboro fining Mary Abrams for violation of Willingboro city statute. See generally id.

On February 7, 2020, petitioner filed a medical records request form from V Lourdes Medical Center, a photocopy of her driver's license, and discharge summary from Virtua Willingboro Hospital Emergency Department ("ED") on September 25, 2019 for left ear pain and fever. ECF No. 15 at 1-9. At the ED, petitioner was diagnosed with Acute Serous Otitis Media and Otitis Externa. Id. at 9. At that time, petitioner told registered nurse ("RN") Kerby Cherubin that her earache was an ongoing issue since December 2018. Id. at 12. Dr. John-Patrick Alvarez reported that petitioner stated her ear infection was due to "exposure to mold," which started in December 2018. Id. at 13. Petitioner stated she had presented to her primary care provider and was prescribed Augmentin, but returned a few weeks later due to "re-exposure" of mold. Id. Petitioner reported she had Crohn's disease. Id. On examination petitioner's left ear canal was mildly inflamed. Id.

On March 16, 2020, petitioner filed additional documentation. ECF No. 18. Petitioner filed copies of e-mails she sent requesting medical records, a prescription record for Mary Abrams, a letter from the U.S. Office of Personnel Management regarding a number of

[3] Due to lack of pagination and exhibit numbers on the medical records and documents filed, the undersigned will refer to the records by their docket entry numbers for convenience.

complaints filed by petitioner, and a records release form for Cooper University Health. See generally id.

On May 6, 2020, petitioner filed documents concerning a complaint against Liberty Mutual; documents regarding homeowner's insurance; a number of faxes, e-mails, and letters petitioner sent and received regarding different court cases; an incident report from the Willingboro police; and a number of petitioner's handwritten notes concerning various matters. ECF No. 22.

Similarly, on May 27, 2020, petitioner filed her handwritten notes, letters and paperwork petitioner received concerning various complaints petitioner filed in North Carolina and New Jersey, and a copy of an Order from the Court of Federal Claims sent to petitioner requesting medical records and proof of vaccination. ECF No. 24.

On June 22, 2020, petitioner filed medical records from Atrium Health, as well as various other documents. ECF No. 27. Petitioners records show she received the flu vaccine on October 2, 2014 and on November 23, 2016. Id. at 2. An office visit note by Dr. Adrian Hurst from Carolinas HealthCare System on September 23, 2016, noted petitioner was in overall good health. Id. at 4. Petitioner also filed a complaint of mail fraud, ID fraud, and a Ponzi scheme against the undersigned for not being in receipt of medical records she alleged she sent. Id. at 16-17. Petitioner filed additional documents regarding mail fraud complaints against other two other institutions on July 13, 2020. ECF No. 30.

On August 12, 2020, petitioner filed documents including two letters from a law firm stating they do not represent petitioner in her vaccine-related matter, a letter from the New Jersey Office of Attorney General, Division of Consumer Affairs Board dismissing petitioner's complaint against Cooper University Healthcare, and a copy of this Court's previous Order to petitioner. ECF No. 33.

On September 10, 2020, a status conference was held with the parties. During the status conference, the undersigned explained that petitioner had not filed proof of vaccination for the alleged injury in 2018. See Order to Show Cause dated Sept. 10, 2020, at 1 (ECF No. 36). Additionally, medical records filed by petitioner state petitioner's ear infection was due to exposure from mold. Id. After the status conference, the undersigned filed an Order to Show Cause stating,

> [p]resently, there is no evidence in the record to suggest that petitioner has a hearing loss, permanent or otherwise. Also, there is no evidence in the record to suggest that even if petitioner has a hearing loss, that it was caused by her receipt of a flu vaccine. . . . [I]n order to pursue her case further, petitioner will have to file evidence to show that she received a flu vaccination in 2018, and that she suffered an injury as a result of the flu vaccine.

Id. In September and October 2020, petitioner filed additional documentation. ECF Nos. 37-39. However, petitioner did not file any additional evidence to show that she received the alleged

vaccine. Further, she did not file any evidence to show that she sustained a vaccine-related injury.

This matter is now ripe for adjudication.

## III. ANALYSIS

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss the case. Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests). Petitioner's failure to file complete medical records and failure to file any proof of vaccination indicates a disinterest in pursuing her claim. Thus, the undersigned finds it appropriate to dismiss this case for failure to prosecute.

Additionally, to receive compensation under the Act, a petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. See §§ 11(c)(1), 13(a)(1)(A).

Here, a review of the records does not show that the petitioner suffered a "Table Injury." Further, although petitioner filed medical records, the records did not include any documentation that petitioner received the flu vaccine in question. Instead, the records show that petitioner complained of mold exposure as the cause of her ear pain. Without evidence of vaccination, the undersigned finds that the record does not support a claim under the Vaccine Act, or otherwise include preponderant evidence demonstrating that petitioner sustained any vaccine injury. The undersigned expresses her sympathy for petitioner, but unfortunately the case cannot proceed without proof of vaccination.

**Thus, this case is dismissed for failure to prosecute and for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master